UNITED STATES of America,
Plaintiff–Appellee

v.

Quentin Lavelle JEFFRIES,
Defendant–Appellant.

No. 14–51250
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 13, 2016.

Joseph H. Gay, Jr., Asst. U.S. Atty., U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Quentin Lavelle Jeffries, Pollock, LA, pro se.

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

## ON REMAND FROM THE UNITED STATES SUPREME COURT

PER CURIAM:

The attorney appointed to represent Quentin Lavelle Jeffries moved for leave to withdraw and filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir.2011). Jeffries did not file a timely response. We granted the motion to withdraw and dismissed the case as frivolous. *United States v. Jeffries,* 616 Fed.Appx. 763 (5th Cir.2015), *vacated,* — U.S. —, 136 S.Ct. 1492, 194 L.Ed.2d 582 (2016).

Proceeding pro se, Jeffries filed a petition for certiorari in the United States Supreme Court, which we have reviewed together with his (late-filed) briefing in our court. In his petition for certiorari, Jeffries alleged that he was sentenced pursuant to the residual clause of the United States Sentencing Guidelines § 4B1.2. The Solicitor General advised that his position was that such arguments about *Johnson* should be returned to the circuit court for ruling in the first instance. The Court granted the petition, vacated the judgment, and remanded for "further consideration in light of *Johnson v. United States,* 576 U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015)." *Jeffries,* 136 S.Ct. at 1492. In *Johnson,* the Court examined the "residual clause" of the Armed Career Criminal Act ("ACCA") and concluded that it was unconstitutional, leaving the remainder of the enhancement sections of the ACCA undisturbed. *Johnson,* 135 S.Ct. at 2556, 2563. *Johnson* addressed the underlying crime of "possession of a short-barreled shotgun." *Id.* at 2556.

Examining the presentence investigation report (PSR), to which Jeffries did not object on any relevant ground, we determine that he was sentenced as a career offender under the United States Sentencing Guidelines § 4B1.1 which states as follows:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The effect of this designation is to raise the offense level used to calculate the relevant guidelines sentence (rather than setting a mandatory minimum as is the case with the ACCA). The guidelines define the term "crime of violence" in the same way that the ACCA defines the term "violent felony." *Compare* U.S.S.G. § 4B1.2, *with* 18 U.S.C. § 924(e)(2)(b). However, Application Note 1 to § 4B1.2 specifically enumerates aggravated assault as a "crime of violence."

Jeffries does not contest that his present conviction and one prior conviction were controlled substance offenses under § 4B1.2. The other prior crime used to designate Jeffries as a career offender was the crime of aggravated assault with a deadly weapon[1] under Texas Penal Code

---

1. The PSR attaches the charging instrument and judgment describing his crime as "aggravated assault with a deadly weapon." The charging instrument states that he "intentionally and knowingly use[d] a deadly weapon" causing bodily injury to the victim. Jeffries

§ 22.02, which is a specifically enumerated crime of violence under Application Note 1. *See United States v. Guillen–Alvarez,* 489 F.3d 197, 200–01 (5th Cir.2007) (addressing Application Notes to U.S.S.G. § 2L1.2(b)(1)(A)). Accordingly, Jeffries was not sentenced under the ACCA,[2] nor was he sentenced under the residual clause of § 4B1.2. Therefore, he has no arguable claim of relief under *Johnson,* even assuming arguendo that *Johnson's* analysis applies to career offender determinations under the sentencing guidelines.

AFFIRMED.

states that his conviction was pursuant to Texas Penal Code § 22.02.

2. We previously examined a *Johnson* challenge to an ACCA enhancement based upon a violation of Texas Penal Code § 22.02 and concluded that the defendant there could not prevail under plain error review. *United States v. Guzman,* 797 F.3d 346, 348 (5th Cir.2015) (rejecting the defendant's *Johnson* challenge because it is not plain that Texas Penal Code § 22.02 is not a violent felony under the force clause of 18 U.S.C. § 924(e)(2)(B)), *cert. denied,* —— U.S. ——, 136 S.Ct. 851, 193 L.Ed.2d 751 (2016). Here, too, Jeffries's arguments would face plain error review.